IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JASEN ROME MILLER,

    Petitioner,

vs.                                               No. CV 16-00377 RB/KK

OTERO COUNTY PRISON FACILITY,

    Respondent.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

This matter comes before the Court, *sua sponte*, under rules 4 and 11 of the Rules Governing Section 2254 Cases, on Petitioner Jasen Rome Miller's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody.  (Doc. 1, 4).  The Court will dismiss the Petition for lack of jurisdiction.

In a previous § 2254 proceeding, *Jasen Rome Miller v. Janecka, Warden,* No. CV 12-01029 JCH/LFG, Petitioner attacked the same state court criminal conviction that is the subject of this proceeding on grounds of ineffective assistance of counsel, non-disclosure of discovery or evidence, prosecutorial or government misconduct, involuntary (coerced) and unintelligent plea, and violation of a right to speedy trial.  *See Duhart v. Carlson,* 469 F.2d 471, 473 10th Cir. 1972) (noting that the court may take judicial notice of its own records.)  The Court reached the merits of Petitioner's claims, denied a writ of habeas corpus, and dismissed the petition with prejudice. (CV 12-01029 Doc. 31, 39, 40). On appeal, the United States Court of Appeals for the Tenth Circuit affirmed the decision of this Court.  (CV 12-01029 Doc. 49). Petitioner now brings a new § 2254 petition raising double jeopardy, illegal and excessive sentence, and ineffective assistance of counsel in the state court criminal proceeding. (Doc. 1 at 5-11).

1

Under 28 U.S.C. § 2244(b)(1), a claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed. A claim that was not presented in a prior application shall also be dismissed unless the applicant shows either (1) that the claim relies on a new rule of constitutional law that was previously unavailable and was made retroactive to cases on collateral review by the Supreme Court or (2) that the factual predicate for the claim was previously unavailable and would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2).

Before a second or successive petition is filed in the district court, the petitioner must move the court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). When a second or successive § 2254 claim is filed in the district court without the required authorization from the court of appeals, the district court may transfer the matter to the court of appeals if it determines it is in the interest of justice to do so under 28 U.S.C. § 1631 or may dismiss the petition for lack of jurisdiction. *In re Cline,* 531 F.3d 1249, 1252 (10th Cir. 2008); *see also Coleman v. United States,* 106 F.3d 339, 341 (10th Cir. 1997).

The current Petition is Petitioner's second and is not accompanied by an authorizing order from the court of appeals. Under § 2244(b)(1), the Court lacks jurisdiction to proceed and must either dismiss Petitioner's Petition or transfer this proceeding to the Tenth Circuit. Applying the *Cline* factors, the Court finds it is not in the interest of justice to transfer the proceeding. The Petition does not present a claim that was not presented in the prior application. Although the prior claims were not titled double jeopardy and illegal or excessive sentence, the substance of Petitioner's claims are primarily a restatement of the factual predicate and

arguments made in his first petition attacking his plea agreement and assistance of counsel. *Coleman v. United States,* 106 F.3d at 341.

Moreover, even if Petitioner does raise new claims, he does not rely on any new constitutional law that was previously unavailable and made retroactive on collateral review by the United States Supreme Court but, instead, cites New Mexico state appellate decisions. *See* 28 U.S.C. § 2244(b)(2)(A); *Tyler v. Cain*, 533 U.S. 656 (2001). Nor does Petitioner argue or rely on a factual predicate that could not have been discovered previously through the exercise of due diligence and is sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(B).

Petitioner has filed his second or successive §2254 Petition without authorization from the Tenth Circuit Court of Appeals. 28 U.S.C. § 2241(b)(3). Petitioner also fails to establish any grounds that would permit him to proceed on a second or successive petition. 28 U.S.C. § 2244(b)(2). The Court declines to transfer the Petition to the Tenth Circuit and will dismiss for lack of jurisdiction. *Coleman v. United States,* 106 F.3d at 341. Under rule 11 of the Rules Governing Section 2254 Cases, because Petitioner has failed to make a substantial showing of denial of a constitutional right, the Court will also deny a certificate of appealability.

**IT IS ORDERED** that Petitioner Jasen Rome Miller's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Doc. 1, 4) is **DISMISSED** for lack of jurisdiction, a certificate of appealability is DENIED, and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE